(110 So. 593)
## WILLIS v. STATE. (1 Div. 680.)

(Court of Appeals of Alabama. Dec. 14, 1926.)

1. Criminal law ⬤⟳419, 420(11), 1186(4)—Evidence that federal commissioner said he smelled beer on defendant held hearsay but not prejudicial (Supreme Court rule 45).

In prosecution for manufacturing whisky, witness's testimony to conversation with federal commissioner, who said he "smelled beer on defendant," held hearsay and inadmissible but not prejudicial, in view of Supreme Court rule 45, where defendant testified that he had mash or beer on his clothes.

2. Witnesses ⬤⟳329—Witness who testified to defendant's whereabouts on day of crime may be cross-examined as to defendant's whereabouts on other days.

Defendant's witness, who testified positively as to what defendant was doing on day he was charged with manufacturing whisky, may be properly cross-examined as to defendant's whereabouts on other days near such time to test his recollection.

3. Criminal law ⬤⟳1170(3)—Error in excluding question whether defendant had anything to do with still held cured by following testimony.

In prosecution for manufacturing whisky, error in excluding question whether defendant

had anything to do with still *held* immediately cured by witness, who testified without objection that still belonged to others and that defendant did not operate it.

**4. Intoxicating liquors ⬤⇒236(19), 238(1)—Evidence held sufficient to take case to jury and to sustain conviction for manufacturing intoxicating liquor.**

Evidence *held* sufficient to take case to jury and to support conviction for manufacturing whisky, notwithstanding rule that mere presence at still is not sufficient in itself to sustain conviction.

**5. Criminal law ⬤⇒1036(8)—That evidence was insufficient to prove venue should be called to attention of trial court.**

Where evidence is insufficient to prove venue, such fact should be called to attention of trial court.

Appeal from Circuit Court, Mobile County; Saffold Berney, Judge.

Claude Willis was convicted of manufacturing whisky, and he appeals. Affirmed.

Charge B, refused to defendant, is as follows:

"The court charges the jury that if you believe the evidence in this case you should find the defendant not guilty under the second count in the indictment."

Chas. W. Tompkins, of Mobile, for appellant.

Evidence that a third person smelled beer on defendant was hearsay and inadmissible. McBride v. State, 20 Ala. App. 434, 102 So. 728; Jones on Evi. 376. Defendant should have been permitted to ask his witness if defendant had anything to do with the still. McDonald v. State, 165 Ala. 85, 51 So. 629; Grissett v. State, 18 Ala. App. 675, 94 So. 271. Defendant's motion to exclude the evidence of the state should have been granted. Biddle v. State, 19 Ala. App. 563, 99 So. 59; Hanson v. State, 19 Ala. App. 249, 96 So. 655; Guin v. State, 19 Ala. App. 67, 94 So. 788. Charge B should have been given. Ex parte Spivey, 175 Ala. 43, 57 So. 491; Mitchell v. State, 60 Ala. 26; Bell v. State, 48 Ala. 684, 17 Am. Rep. 40. There was no evidence to show the venue of the offense, and the affirmative charge should have been given for defendant. Harvey v. State, 125 Ala. 49, 27 So. 763.

Harwell G. Davis, Atty. Gen., for the State.

Brief of counsel did not reach the Reporter.

SAMFORD, J. [1] On the trial the witness Robbins was allowed to testify to a conversation in the federal building in Mobile, between defendant and Judge Burgett, the federal commissioner, in which Burgett said he "smelled beer on defendant." This was hear-say evidence and technically should have been excluded as such, but, in view of defendant's own testimony on this trial that he did have mash or beer on his clothes which had been thrown by one of the arresting officers, this error is not such as would authorize a reversal of this case under Supreme Court rule 45.

[2] Defendant's witness Higgins having testified positively as to what defendant was doing on the day and date on which it is charged defendant manufactured whisky, it was permissible on cross-examination to interrogate the witness as to defendant's whereabouts on other days near the time to test the recollection of witness.

[3] The court was in error in sustaining the state's objection to defendant's question propounded to his witness Bosorge: "Did Claude Willis have anything to do with the still?" This called for an answer relevant to the issue being tried, but this error was immediately cured by the witness, who testified without objection that the still belonged to other parties, naming them, and that defendant was not operating the still or assisting in the operation and had not been there that day.

[4] The most urgent insistence on the part of appellant is that the evidence is not sufficient upon which to base a conviction under the rule as laid down by this court to the effect that mere presence at a still is not sufficient in itself to sustain a conviction. Our attention is directed to several decisions of this court with all of which we are familiar. A decision much more in point as applied to the facts in this case is Washington v. State (Ala. App.) 107 So. 34.[1] Here we have a complete still in operation, a supply of mash or beer on hand and some of it in process of manufacture, the isolation of the still place in a swamp, the presence of defendant, and he the only one, his clothes saturated with the beer, smut on his hands, clothes, and face, he a long way from his ordinary place of business, his unsatisfactory and contradictory explanation of his presence—the general surroundings and the facts make a jury question. Two juries have passed upon the facts and both say by their verdicts that they are convinced of the defendant's guilt beyond a reasonable doubt. The overturning the verdict of one jury is always a question of serious moment to this court, and in this case we do not feel authorized to do so.

There was no plea of former acquittal as to the second count of the indictment, and, there being evidence to sustain it, charge B was properly refused.

[5] If the evidence was not sufficient to prove the venue, such fact should have been called to the attention of the trial court.

---

⬤⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
[1] Ante, p. 239.

We find no error in the record, and the judgment is affirmed.

Affirmed.

